UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LAVIAL COLLIER,<br><br>             Plaintiff,<br><br>      v.<br><br>JERRY BROWN,<br><br>             Defendants. | No. 2:13-cv-1888 AC P<br><br><br>ORDER |

     Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2  1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.

15  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
16  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
17  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
18  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
19  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
20  this standard, the court must accept as true the allegations of the complaint in question, Hospital
21  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
22  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
23  McKeithen, 395 U.S. 411, 421 (1969).

24  In the instant complaint, plaintiff alleges that Governor Jerry Brown has violated his
25  constitutional right to procedural due process by failing to comply with California Penal Code §
26  5075 which requires the appointment of a fair cross section of parole commissioners.  Plaintiff
27  argues that nearly all of the appointed commissioners have law enforcement backgrounds and
28  therefore are biased against any grant of parole.  Plaintiff seeks compensatory and punitive

damages as well as preliminary injunctive relief requiring the cessation of all further parole hearings until such time as the Governor complies with the state statute (ECF No. 1 at 7).

The court finds the allegations in plaintiff's complaint fail to state a claim upon which relief may be granted. While plaintiff is correct that a constitutional challenge to a state parole procedure may be raised in a § 1983 action seeking injunctive relief, Wilkinson v. Dotson, 544 U.S. 74 (2005), here there is simply no constitutional claim presented in plaintiff's complaint. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam). The Ninth Circuit has found that California law creates a liberty interest in parole, therefore entitling California inmates, like plaintiff, to procedural due process protections. See Pirtle v. California Bd. Of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); see also Swarthout , 131 S.Ct. at 861–62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority). However, the United States Supreme Court has re-iterated that procedural due process protections are minimal in the parole context. See id. at 862. These procedural due process protections include the right to be heard and the reasons for any parole denial, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979), as well as a hearing before a neutral and detached hearing body, Morrissey v. Brewer, 408 U.S. 471 (1972). California Penal Code § 5075(b) provides that "[t]he selection of persons and their appointment by the Governor and confirmation by the Senate shall reflect as nearly as possible a cross section of the racial, sexual, economic, and geographic features of the population of the state."  This statute does not specify what employment background each commissioner is required to have, which is the basis for plaintiff's complaint. Plaintiff's allegation that most commissioners have law enforcement backgrounds, taken as true, does not support an inference of unconstitutional bias within the meaning of Morrissey, supra. Therefore, plaintiff fails to state a constitutional claim.

Furthermore, plaintiff's claim seeking compensatory damages against the Governor of California is barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (finding that § 1983 does not permit civil suits for damages against states or

1 state officials acting in their official capacities because they are not "persons" under the federal
2 civil rights statute).  Any claim against the governor would therefore be limited to injunctive
3 relief.  See Thornton v. Brown, 724 F.3d 1255 (9th Cir. 2013).  However, a federal court does not
4 enforce state law.  "Section 1983 does not vest federal courts with the authority to enjoin the
5 administration of, or to declare invalid, state laws on the grounds that they are incompatible with
6 other state laws, much less to rule that state laws are contrary to the state legislature's intent.  Nor
7 can we put in place prophylactic rules of our own making where the underlying state laws are not
8 themselves contrary to federal law. That is the job of the state courts and state legislatures."
9 McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004).  Plaintiff is therefore not
10 entitled to the relief he seeks as a matter of law.

11         Additionally, the court takes judicial notice of plaintiff's federal habeas corpus petition
12 currently pending in the Central District of California challenging his October 17, 2012 parole
13 denial.  Collier v. Duffy, CV 13-1281-CBM-E; see also Mir v. Little Company of Mary Hosp.,
14 844 F.2d 646, 649 (9th Cir.1988) (court may take judicial notice of court records).  Accordingly,
15 this court declines to dismiss plaintiff's complaint without prejudice to re-filing it as a 28 U.S.C.
16 § 2254 petition challenging his most recent parole denial because he has already filed the same.
17 See McQuillion v. Schwarzenegger, 369 F.3d 1091 (9th Cir. 2004) (noting that "[b]ias on the part
18 of the Governor, the [Parole] Board and the Attorney General cannot be redressed by an
19 injunction ordering those state officials to comply with state law…," but can be "considered by a
20 federal court if contested in a properly exhausted habeas petition").

21         Even construed liberally, the defects in the instant complaint cannot be cured by
22 amendment.  "Leave to amend should be granted unless the pleading 'could not possibly be cured
23 by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs."
24 Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir.2003) (citing Lopez v. Smith, 203 F.3d 1122,
25 1130, 1131 (9th Cir.2000) (en banc)).  Although the court does not see any avenue for curing the
26 above mentioned defects, plaintiff will be granted leave to amend in light of the liberal rules
27 governing pro se pleadings.  Id.

28         If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

4

1  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
2  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
3  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
4  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
5  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
6  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
7  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
8  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file

////
////
////
////

1 an amended complaint will result in a recommendation that the action be dismissed.

2 DATED: October 28, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ts/coll1888.14.new